IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GARY ENSEY, )
 )
    Petitioner, )
 )
 ) CIV-15-652-HE
v. )
 )
OKLAHOMA DEPARTMENT OF )
    CORRECTIONS, et al., )
 )
    Respondents. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be transferred to the United States District Court for the Eastern District of Oklahoma.

In his Petition filed June 15, 2015, Petitioner named the Oklahoma Department of Corrections and the Oklahoma Attorney General as Respondents. Petitioner asserts two claims for relief in his Petition. First, Petitioner asserts in grounds one and two of the Petition that he was denied equal protection because "[f]or more than seven years the petitioner was kept at Level 2 and was not allowed to promote through the D.O.C. level system to Level 3 and, subsequently, to Level 4 as other inmates throughout the Department

1

of Corrections were allowed to do. The petitioner met all necessary criteria for promotion to Level 3 and, subsequently, to Level 4 which was required of inmates who were incarcerated at O.S.P." Petition, at 5. As a second ground for habeas relief, Petitioner asserts in ground three of the Petition that he was denied credit for the time he spent in detention prior to his conviction.

Pursuant to 28 U.S.C. § 2241(a), district courts are limited to granting habeas relief "within their respective jurisdictions." The proper respondent in a 28 U.S.C. § 2241 habeas proceeding is "the person who has custody over [the petitioner]," which in this case is the warden or acting warden of the John H. Lilley Correctional Center, which is located in Boley, Oklahoma. 28 U.S.C. § 2242. As the Supreme Court has stated, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004).

Boley, Oklahoma is in Okfuskee County, which is within the Eastern District of Oklahoma. 28 U.S.C. §116(b). Because Petitioner is not incarcerated within the jurisdictional confines of this Court, the interest of justice would be furthered by transferring the action to a court with jurisdiction over the matter. See 28 U.S.C. § 1631. In this case, the appropriate court is the United States District Court for the Eastern District of Oklahoma. Therefore, the action should be transferred to the United States District Court for the Eastern District of Oklahoma.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be TRANSFERRED to the United States District Court for the Eastern District of Oklahoma. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 16th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 26th day of June, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE